UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Jack Denver Davis,**

    **Plaintiff,**

-v-                                                   **Case No. 2:12-cv-00612**
                                                               **JUDGE SMITH**
                                                               **Magistrate Judge Kemp**

**Leonard Holzipfel,**

    **Defendant.**

## OPINION AND ORDER

Plaintiff Jack Denver Davis initiated this action against Defendant Leonard Holzipfel alleging that he was unlawfully denied a trial by jury by a Default Judgment entered in the Jackson County Court of Common Pleas. This matter is before the Court on Defendant Holzipfel's Motion to Dismiss for Lack of Jurisdiction. (Doc. 13). Plaintiff has failed to respond to Defendant's Motion and this matter is now ripe for review. For the reasons that follow, Defendant Holzipfel's Motion to Dismiss is **GRANTED**.

### I. BACKGROUND

On May 7, 2008, Plaintiff Jack Denver Davis was named as a defendant, along with Nationwide Mutual Insurance Company ("Nationwide"), in a civil suit filed by Ms. Carolyn Coleman in the Jackson County Court of Common Pleas. *Coleman v. Davis*, Jackson C.P. No. 08 PI 009 (May 7, 2008); *aff'd*, 4th Dist. No. 10CA5, 2011 WL 345772 (Feb. 1, 2011). The action arose out of an automobile accident involving Ms. Coleman and Mr. Davis on May 11, 2006. 2011 WL 345772, *1. At the time of the accident, Ms. Coleman had motor vehicle insurance coverage through Nationwide. *Id.* On May 7, 2008, Ms. Coleman filed a Complaint

against Mr. Davis and Nationwide, alleging that Davis was "negligently and or recklessly directing traffic, thereby causing [her] to swerve her motor vehicle." *Id.* Ms. Coleman also claimed she had the right to recover under her insurance policy with Nationwide. *Id.* Mr. Davis answered Ms. Coleman's complaint denying that he acted either negligently or recklessly at the time of the accident. *Id.* Nationwide filed a cross-claim against Mr. Davis alleging that it was "entitled to subrogation and/or reimbursement" from Davis. *Id.* Mr. Davis did not respond to Nationwide's cross-claim, and failed to appear for his deposition or respond to any discovery requests. *Id.*

On October 6, 2009, Nationwide filed a Motion for Default Judgment, Sanctions, and to Assess Liability against Defendant, Jack Davis. *Id.* On October 22, 2009, Mr. Davis filed a request for a jury trial, but he did not respond to Nationwide's motion. *Id.* On December 21, 2009, Ms. Coleman also filed a Motion for Sanctions and Default Judgment Against Jack Davis. *Id.* at *2. Mr. Davis did not respond to Ms. Coleman's Motion. *Id.* Throughout the course of litigation, Mr. Davis filed only his answer to Ms. Coleman's Complaint and his request for a jury trial.

On April 5, 2010, after an oral hearing on the matter, Default Judgment was granted in favor of Ms. Coleman and Nationwide against Mr. Davis. *Id.* The trial court, with the Honorable Leonard Holzipfel presiding, granted the Default Judgment because Mr. Davis failed to plead, answer, or otherwise respond to Plaintiff's discovery, to answer Nationwide's cross-claim, and to participate in the lawsuit. *Id.*

On April 16, 2010, Mr. Davis filed a Notice of Appeal in the Fourth District Court of Appeals for the State of Ohio. *Id.* at *1. On February 1, 2011, the Fourth District entered a Decision and Judgment Entry finding that the trial court did not abuse its discretion by granting

2

Default Judgments for Ms. Coleman and Nationwide. *Coleman v. Davis*, 4th Dist. No. 10CA5, 2011 WL 345772, *6 (Feb. 1, 2011). The Fourth District found that the trial court did not err in denying Mr. Davis's request for a jury trial. *Id.* Mr. Davis's assignments of error were overruled, and the judgment of the trial court was affirmed. *Id.*

On March 29, 2012, Plaintiff filed this action asking the Court to review the final judgments of the Jackson County Court of Common Pleas and the Fourth District Court of Appeals for the State of Ohio. (Doc. 2). Defendant Leonard Holzipfel moves this Court to dismiss Plaintiff's Complaint. (Doc. 13). Defendant argues that the Complaint should be dismissed because this Court lacks subject matter jurisdiction to act as an appellate court to review the final judgments of the state trial and appellate courts. Plaintiff has failed to respond to these allegations.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) provides that a defendant may move for dismissal when the court lacks subject matter jurisdiction. Without subject matter jurisdiction, a federal court lacks authority to hear a case. *Thornton v. Southwest Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990). Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack on subject matter jurisdiction goes to whether the plaintiff has properly alleged a basis for subject matter jurisdiction, and the trial court takes the allegations of the complaint as true. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). A factual attack is a challenge to the factual existence of subject matter jurisdiction. No presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. *Ritchie*, 15 F.3d at

598; *Moir v. Greater Cleveland Regional Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). Where a defendant raises the issue of lack of subject matter jurisdiction under Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion to dismiss. *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004); *Moir*, 895 F.2d at 269.  Here, Defendant challenges the factual existence of subject matter jurisdiction.

### III.  DISCUSSION

Defendant moves to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction. Specifically, Defendant argues that Plaintiff's claims are barred by what has come to be known as the *Rooker-Feldman* Doctrine.  *See generally Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Ct. of App. v. Feldman,* 460 U.S. 462 (1983).

Federal district courts possess broad subject matter jurisdiction; ordinarily, they are empowered to adjudicate cases concurrently with the state courts.  *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 283 (2005) (acknowledging that the federal courts generally have concurrent jurisdiction with the state courts).  However, "[t]he jurisdiction possessed by the District Courts is strictly original."  *Rooker*, 263 U.S. at 416.  With the exception of their power to issue writs of habeas corpus, they are without power to review decisions rendered by state courts.  *See Exxon Mobil,* 544 U.S. at 283 ("[A]ppellate jurisdiction to reverse or modify a state-court judgment is lodged ... exclusively in [the Supreme] Court."). Federal jurisdiction over appeals from state courts is vested exclusively in the United States Supreme Court by 28 U.S.C. § 1257.

The *Rooker-Feldman* doctrine maintains the jurisdictional distribution in the federal courts by insuring that the federal district courts exercise only original jurisdiction.  *See Feldman,* 460 U.S. at 462 (establishing a jurisdictional doctrine to prevent federal district courts

4

from exercising appellate jurisdiction); *Rooker*, 263 U.S. at 413 (same).  The doctrine divests federal district courts of subject matter jurisdiction in cases where they are called upon to review state court judgments.  *See Exxon Mobil,* 544 U.S. at 283.  In other words, "federal district courts lack jurisdiction over suits that are, in substance, appeals from state court judgments."  *Hoblock v. Albany Cty. Bd. of Elections,* 422 F.3d 77, 83-84 (2d Cir. 2005); *see also Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293 (6th Cir. 2005) (explaining that federal district courts lack jurisdiction over challenges to state court decisions).  Claims that challenge the propriety of decisions made by state court judges go beyond the scope of a federal district court's jurisdiction.  *Helfrich v. Marcelain*, No. 2:08-cv-01201, 2009 WL 2243800 (S.D. Ohio July 23, 2009) (finding that the *Rooker-Feldman* doctrine bars federal claims challenging the propriety of decisions made by state court judges).

The *Rooker-Feldman* doctrine divests federal district courts of jurisdiction in cases where the prior state court proceedings were "judicial in nature," as opposed to legislative or ministerial.  *Feldman*, 462 U.S. at 476.  The doctrine also divests federal district courts of jurisdiction where the federal claims "'require review of a judicial decision in a particular case.'"  *Exxon Mobil*, 544 U.S. at 287 (quoting *Feldman*, 460 U.S. at 487).  Federal district courts therefore lack jurisdiction over two types of cases originating in state court: "(1) cases where appellate remedies have been exhausted in state court and issues raised and decided in the state courts are presented to the federal district courts for reconsideration; and (2) cases where the federal claims asserted turn so directly on state court judgments that the federal district courts must review the state court judgments to resolve the federal claims."  *Johnson v. Ohio Supreme Court*, 156 F. App'x 779, 781 (6th Cir. 2005) (citing *Exxon Mobil,* 544 U.S. at 284-89) (interpreting the *Rooker-Feldman* doctrine shortly after *Exxon Mobil*).

5

Here, the state court action that Mr. Davis challenges is judicial in nature.  The *Rooker-Feldman* doctrine therefore operates to divest this Court of federal jurisdiction over the case.  Mr. Davis did not exhaust his remedies in state court, as he failed to file an appeal in the Supreme Court of Ohio.  Furthermore, Mr. Davis does not assert a federal claim that would require the review of a state court judgment.  As such, Mr. Davis's claim cannot be considered by this Court, because the Court does not have subject matter jurisdiction over the action.  Accordingly, the Court will grant Defendant's Motion to Dismiss the Complaint.

## IV.  DISPOSITION

Based on the aforementioned discussion, the Court **GRANTS** Defendant's Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1).

The Clerk shall enter final judgment in favor of Defendant, and against Plaintiff, dismissing this action in its entirety with prejudice.

The Clerk shall remove this case from the Court's pending cases lists.

The Clerk shall remove Doc. 13 from the Court's pending motions list.

**IT IS SO ORDERED.**

/s/ *George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**